DURHAM and Another *v.* WALKER.

DURHAM
v.
WALKER.

The act of 1841 requiring that whenever any *judgment-debtor* was not able or neglected to take the stay, as provided in the laws then in force, his property should be sold on the same credit, &c., was held not to apply to a sale under a distress-warrant for rent.

ERROR to the *Vigo* Circuit Court.

*Wednesday,
July 7.*

BLACKFORD, J.—This was an action of trespass *de bonis asportatis*, brought by *Thomas Walker* against *John Durham* and *James Beard*. Not guilty was pleaded. There were also special pleas, relying on a purchase of the property by *Durham* at a sale on execution against the goods of *James Beard* and *Elijah Montgomery*. The plaintiff replied to the special pleas, property in himself.

On the trial, the plaintiff gave in evidence a judgment of the *Vigo* Circuit Court in his favour against *Elijah Montgomery*, and a purchase by him, the plaintiff, of the goods in question, on the 6th of *October*, 1843, at a sale on execution issued on said judgment. He also proved that the defendants, afterwards, took the goods out of his possession.

The defendants proved that on the 8th of *February*, 1841, *Durham*, by means of an affidavit that one *Powers* and the said *Montgomery* were indebted to him in a certain sum for rent, procured a distress-warrant to issue against their goods on the demised premises; that certain goods were accordingly seized under the warrant, which were thereon sold on the 25th of *February*, 1841; that the officer, at the time of such sale, took from the purchaser, *Elijah Montgomery*, with *James Beard* as his surety, bonds for the purchase-money, payable in eight months from the date of the distress-warrant. The defendants then offered said bonds in evidence. Their admission was objected to, and the objection sustained. The defendants also offered in evidence various writs of execution, which had issued on said bonds after they became due, under two of which executions, being the last issued, *Durham* had purchased the goods in question on the 31st of *October*, 1843. These executions were objected to as evidence, and the objection was sustained.

Verdict and judgment for the plaintiff.

The bonds offered in evidence were executed under a statute of 1841, supplemental to an act subjecting real and personal property to execution. This statute enacts, that whenever any *judgment-debtor* is not able or neglects to take the stay, as provided in the laws now in force, his property shall be sold on the same credit for which he might have taken the stay; and in such case, the officer making the sale shall take bond with surety from the purchaser, which shall have the effect of a judgment, and execution may issue upon the same as in other cases. Acts of 1841, p. 130. The bonds in question were taken from a purchaser at a sale of goods— not under an execution on a judgment—but under a distress-warrant for rent; and the case is not therefore within the statute. The bonds not being authorized by law, were inadmissible as evidence.

The executions which were issued on those illegal bonds, and under some of which the defendant, *Durham*, bought the goods, were, of course, correctly rejected.

*Per Curiam.*—The judgment is affirmed with 6 *per cent.* damages and costs.

R. W. *Thompson* and C. W. *Barbour*, for the plaintiffs.

A. *Kinney* and S. B. *Gookins*, for the defendant.